Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **JOHN C. MILLER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05CV00083 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **BRISTOL COMPRESSORS, INC.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Hilary K. Johnson, Abingdon, Virginia, for Plaintiff; Jason M. Branciforte, Littler Mendelson, P.C., Washington, D.C., for Defendant.*

In this age discrimination case, I find that the plaintiff's complaint was untimely filed, and accordingly grant the defendant's motion to dismiss.

I

The plaintiff, John C. Miller, was employed by defendant Bristol Compressors, Inc. He alleges that he was demoted from his position of "Maintenance Mechanic, A class" and transferred out of the maintenance department on November 12, 2004. Prior to the plaintiff's demotion and transfer, the employer offered the plaintiff an alternative "voluntary layoff," which included no severance benefits. The plaintiff elected demotion and transfer, which included lower pay. The plaintiff, who is sixty-

two years old, claims that his demotion and transfer amounted to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C.A. § 621 (West 1999).

The plaintiff first filed a charge with the Equal Employment Opportunity Commission ("EEOC"). He thereafter received a right-to-sue letter from the EEOC, which letter recited that it had been mailed on May 31, 2005. A copy of the right-to-sue letter was also sent to his present attorney. His attorney submitted the complaint to this court electronically on September 2, 2005, and paid the filing fee to the clerk by check on September 6, 2005.[1] The complaint alleged that the EEOC right-to-sue letter had been received "on or about June 3, 2005." (Pl.'s Comp. ¶ 15.)

The defendant responded with a motion to dismiss, contending that the present action had not been filed within ninety days of the right-to-sue letter, and thus was untimely.[2]

On October 7, 2005, this court ordered the plaintiff to respond to the defendant's motion within fourteen days, which required a response by October 21.

---

[1] The defendant's motion incorrectly refers to September 9, 2005, as the date on which the plaintiff paid the filing fee.

[2] So long as the time bar is apparent from the face of the complaint, as is the case here, raising a statute of limitations as a bar to a plaintiff's cause of action is a defense that may be raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

The plaintiff's attorney failed to file a response until October 26, 2005, five days late. Included with the plaintiff's late response was an affidavit in which the plaintiff declared that he had not actually received his right-to-sue letter before Sunday, June 5, 2005, because he and his family had been out of town on vacation during the preceding week. (Miller Aff. ¶ 4.)

After the defendant's reply brief urged the court not to consider the plaintiff's brief in opposition and affidavit on grounds of untimeliness, the plaintiff filed a motion for a retroactive extension of time.

The motion to dismiss and the motion for extension of time have been argued and are ripe for decision.

II

The ADEA allows an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil suit. 29 U.S.C.A. § 626(e) (West 1999). A claimant who fails to file suit within the ninety-day time period forfeits the right to pursue the claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (per curium). The Supreme Court has recognized equitable tolling as a method by which a plaintiff may be granted extra time in which to file suit, so long as the

delay in filing is based on equitable grounds. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

While the circuits differ as to when the ADEA limitations period begins to run, Fourth Circuit law is clear. The court has explicitly rejected the "actual receipt" rule adopted by other courts.[3] *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987). Instead, the court in *Harvey* adopted a more flexible rule requiring a case-by-case determination of whether equitable tolling of the filing period is appropriate. *Id*. The court counseled that district courts should conduct "a thorough examination" of the facts to determine whether reasonable grounds exist for equitable tolling of the limitations period. *Id*.

In addition, when the date of receipt of the EEOC right-to-sue letter is unknown or in dispute, the court may apply the three-day presumption derived from Fed. R. Civ. P. 6(e) to find that the letter was received three days after mailing. *See Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922 n.7 (E.D. Va. 1989); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 148 n.1 (presuming claimant's

---

[3] *See, e.g., Archie v. Chicago Truck Drivers Union*, 585 F.2d 210, 216 (7th Cir. 1978). The "actual receipt" rule holds that the statutory period does not begin to run until the claimant actually receives his right-to-sue letter from the EEOC. The actual receipt rule has been criticized as easily abused by plaintiffs who may choose to purposefully delay receipt of the letter, in violation of Congress' intent to require claimants to act expeditiously. *Harvey*, 813 F.2d at 654.

- 4 -

EEOC right-to-sue letter was received three days after mailing, without explicitly adopting the rule).

III

In the present case, the parties disagree about the date on which the EEOC right-to-sue letter was received by the plaintiff.[4] For the following reasons, resolution of the dispute results in a finding that the plaintiff's claim was untimely.

A

The plaintiff's complaint alleges that the right-to-sue letter was received on June 3, 2005. However, his subsequent affidavit asserts that, in fact, the letter was not received until at least June 5, 2005, after the plaintiff returned home from vacation. Because the affidavit upon which the plaintiff relies was filed late, I must first determine whether to grant the plaintiff's motion to extend time in order to find

---

[4] The defendant also argues that the lawsuit was untimely because it should be deemed filed when the filing fee was paid, and not when the complaint was submitted electronically on September 2. However, if the right-to-sue letter is deemed received on June 5, the ninetieth day would have been Saturday, September 3. Because Monday, September 5, was a holiday (Labor Day), a filing date of September 6 would have been timely. *See* Fed. R. Civ. P. 6(a) (when the last day of a designated period of time falls on a Saturday, the period runs to the next day that is not a Saturday, Sunday or legal holiday). Accordingly, it is not necessary for me to decide whether the complaint was filed on September 2 or September 6.

- 5 -

whether I may properly consider the information contained in the late affidavit. For the following reasons, I deny the motion to extend time.

Motions for enlargement of time after the expiration of a specified time period are governed by Fed. R. Civ. P. 6(b)(2), which grants a district court discretion to order an extension after expiration of time, but only for "cause shown" and if the failure to act in a timely manner is the result of "excusable neglect." Fed. R. Civ. P. 6(b)(2). The plaintiff fails to provide any reason why he meets either of these requirements and is thus eligible for an extension.

"Neglect" has been defined by the Supreme Court as inadvertence, mistake or carelessness, or intervening circumstances beyond a party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). A delay in filing is "excusable" upon a consideration of all relevant circumstances surrounding the party's omission, including danger of prejudice to the non-moving party, length of the delay and its potential impact on the proceedings, the reason for the delay including the moving party's role, and whether there was good faith. *Id*. at 395.

In this case, the attorney for the plaintiff has failed to put forth any justification whatsoever, either on brief or at oral argument, why the failure to file a timely response to the defendant's motion meets the excusable neglect standard. The plaintiff's attorney admitted in her motion that "she inadvertently failed (forgot)" to

- 6 -

Case 1:05-cv-00083-JPJ-PMS    Document 26    Filed 12/02/05    Page 6 of 8    Pageid#: 91

whether I may properly consider the information contained in the late affidavit. For the following reasons, I deny the motion to extend time.

Motions for enlargement of time after the expiration of a specified time period are governed by Fed. R. Civ. P. 6(b)(2), which grants a district court discretion to order an extension after expiration of time, but only for "cause shown" and if the failure to act in a timely manner is the result of "excusable neglect." Fed. R. Civ. P. 6(b)(2). The plaintiff fails to provide any reason why he meets either of these requirements and is thus eligible for an extension.

"Neglect" has been defined by the Supreme Court as inadvertence, mistake or carelessness, or intervening circumstances beyond a party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). A delay in filing is "excusable" upon a consideration of all relevant circumstances surrounding the party's omission, including danger of prejudice to the non-moving party, length of the delay and its potential impact on the proceedings, the reason for the delay including the moving party's role, and whether there was good faith. *Id*. at 395.

In this case, the attorney for the plaintiff has failed to put forth any justification whatsoever, either on brief or at oral argument, why the failure to file a timely response to the defendant's motion meets the excusable neglect standard. The plaintiff's attorney admitted in her motion that "she inadvertently failed (forgot)" to

- 6 -

Case 1:05-cv-00083-JPJ-PMS    Document 26    Filed 12/02/05    Page 6 of 8    Pageid#: 91

file the response. (Mot. to Extend Time ¶ 5.) Accordingly, I deny the plaintiff's retroactive motion for extension of time to file a response to the defendant's motion to dismiss. Thus, I need not consider the affidavit alleging that the plaintiff actually received the EEOC right-to-sue letter on June 5, 2005.

B

However, even if I were to consider the plaintiff's late filing and included affidavit, I would still find that the right-to-sue letter was received by the plaintiff on June 3, 2005.

It is clear from the record that the date upon which the plaintiff received the letter is unknown or in dispute. The letter was mailed from the EEOC on May 31, 2005. The actual date it reached the plaintiff's mailbox, however, is unknown. In the case of an unknown or disputed date of receipt, I should apply the presumption pursuant to Fed. R. Civ. P. 6(e) that the letter was received by the plaintiff three days after mailing. The plaintiff's reliance on the date of his actual receipt of the letter is misplaced, as this circuit has explicitly rejected the "actual receipt" rule in favor of a flexible ruling requiring that I take into consideration all of the circumstances of a case. *See Harvey*, 813 F.2d at 654. Because the letter was mailed from the EEOC on May 31, 2005, I find that the letter was received by the plaintiff on June 3, 2005, three

days after mailing. Accordingly, September 2, 2005, the day the present lawsuit was submitted, was the ninety-first day—one day late.

After determining that the plaintiff's complaint was indeed filed late, I must review the facts in order to determine whether there exist reasonable grounds for equitable tolling. *See Harvey*, 813 F.2d at 654. No such grounds have been asserted or are apparent on the record. As in *Harvey*, once the plaintiff had actual notice of the right-to-sue letter, there was still ample time in which to properly file the lawsuit, which his lawyer simply failed to do. *See id.*

IV

For all of the reasons stated above, the plaintiff's motion for extension of time will be denied and the defendant's motion to dismiss will be granted.

A separate order will be entered herewith.

DATED: December 2, 2005

/s/ JAMES P. JONES
Chief United States District Judge